**CORBAN INDUSTRIES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–815C.**

United States Claims Court.

Sept. 30, 1991.

Stephen D. Cramer, Seattle, Wash., for plaintiff.

Kirk T. Manhardt, Washington, D.C., with whom was Assistant Attorney General Stuart M. Gerson, for defendant.

George R. Tady, Dept. of Veterans Affairs, of counsel.

## ORDER

NETTESHEIM, Judge.

This case is before the court after argument on defendant's motion for summary judgment. The issue is whether plaintiff has any proof of costs for work performed prior to the effective date of termination of its contract for the convenience of the Government.

## FACTS

The following material facts are undisputed. The Veterans Administration Medical Center (the "VA") in Tacoma, Washington, awarded Contract No. V505C–196, Project 505–80–115 to Corban Industries, Inc. ("plaintiff") on August 16, 1983. The contract called for installation of new windows, screens, and reglazed windows in two buildings. On September 21, 1983, the VA issued plaintiff a notice to proceed. The notice informed plaintiff that all work must be completed within 270 days of receipt of the notice, or by June 18, 1984.

On June 19, 1984, the first of two modifications to the original contract was made. The first modification reduced the contract price by $10,000.00 and extended the completion date to September 16, 1984. The second modification occurred on September 17, 1984, and called for plaintiff to perform certain work by November 2, 1984. Plaintiff failed to complete the work by November 2, 1984, and the VA terminated the contract for default. On May 26, 1988, plaintiff appealed the decision to the Veterans Administration Board of Contract Appeals (the "VSBCA"). The VSBCA held that the termination was for the convenience of the Government. *Corban Indus., Inc.*, 88–3 B.C.A. (CCH) ¶ 20,843, 1988 WL 60281.

The contract price at the time of termination was $160,065.00. The VA had paid plaintiff $124,046.56 prior to termination. On May 16, 1989, plaintiff submitted a claim for $32,018.44, plus interest. However, plaintiff attached no records or documents to support its claim. By letter of July 5, 1989, the Contracting Officer advised plaintiff that documentation supporting its claim was needed in order to determine the actual costs to which plaintiff was entitled. On May 21, 1990, plaintiff responded, "[T]here are no records available other than those which have already been presented to and reviewed by your office...." Plaintiff then filed a complaint in the Claims Court.

Defendant submitted interrogatories to plaintiff. Interrogatory No. 7 asked plaintiff to identify the "total actual costs" incurred in performing the contract. Specifically, plaintiff was asked to identify: the number of labor hours worked by each individual who performed work under the contract; the direct labor costs; the direct costs for materials and supplies, specified item-by-item; all subcontractor costs, specified by amount paid to each subcontractor; all other costs; the total amount of costs incurred; and all documents upon which plaintiff relies to support its claim. Plaintiff replied "unknown" or "none" to each question. Although plaintiff attached documents to two of its responses, no cost information was included. In response to Interrogatory No. 8, plaintiff stated that it did not retain records of the total labor costs incurred for the work performed under the contract and that the contracting officer "should possess documents pertaining to labor costs" because he was "actively involved" in a wage claim handled by the Department of Labor.

Based on these interrogatory responses, defendant moved for summary judgment on the ground that because plaintiff cannot document its materials costs, plaintiff's claim fails as a matter of law. Trial is scheduled to commence on November 21, 1991.

## DISCUSSION

1. *Summary judgment standards*

Summary judgment is appropriate when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.

RUSCC 56(c). Only disputes over material facts, or facts that might significantly affect the outcome of the suit under the governing law, preclude an entry of judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute about a material fact is genuine if the evidence would permit a reasonable jury to return a verdict in favor of the non-movant. *Id.* Defendant, as the moving party, has the burden of establishing that there are no genuine material issues in dispute and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Plaintiff, as the opponent, has the burden of providing sufficient evidence, not necessarily admissible at trial, to show that a genuine issue of material fact indeed exists as to an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 322–24, 106 S.Ct. at 2552–53. In resolving defendant's motion, the court cannot weigh the evidence and determine the truth of the matter on summary judgment. *Anderson,* 477 U.S. at 249, 255, 106 S.Ct. at 2513. Any evidence presented by the opponent is to be believed, and all justifiable inferences are to be drawn in its favor. *Id.* at 255, 106 S.Ct. at 2513.

### 2. *Proof of costs for termination for convenience of Government*

 General Provision 18 of the contract incorporates by reference the former Armed Services Procurement Regulations ("ASPR"), 41 C.F.R. § 1–8.703 (1983), describing the parties' rights on termination for convenience of the Government. ASPR § 1–8.703(e) "provides for reimbursement of the contractor for the cost and profit on work performed prior to the termination and any other reasonable cost incidental to termination of work under the contract and not otherwise recovered by or credited to the government." *Lisbon Contractors, Inc. v. United States,* 828 F.2d 759, 767 (Fed.Cir.1987). The total sum payable "shall not exceed the total contract price as reduced by the amount of payments otherwise made." ASPR § 1–8.703(e)(2). A contractor is not entitled to unearned profits or common law speculative damages. *William Green Constr. Co. v. United States,* 201 Ct.Cl. 616, 624, 477 F.2d 930, 936 (1973). Therefore, termination costs must be proved to an acceptable degree of certainty. Specifically, " '[t]he claimant bears the burden of proving the fact of loss with certainty, as well as the burden of proving the amount of loss with sufficient certainty so that the determination of the amount of damages will be more than mere speculation....' " *Lisbon,* 828 F.2d at 767 (quoting *Willems Indus., Inc. v. United States,* 295 F.2d 822, 831, 155 Ct.Cl. 360, 376 (1961), *cert. denied,* 370 U.S. 903, 82 S.Ct. 1249, 8 L.Ed.2d 400 (1962)).

Plaintiff calculates its claim for $32,108.44, plus interest, based on the total contract price less the cost of uncompleted work and additional wages paid by the VA.[1] Justifying this approach, according to plaintiff, are the VA's admissions that the project was 92 percent complete when termination was ordered, that all materials had been purchased and accepted by the VA, and that the labor required to complete the project would not have exceeded $8,000.00.[2] Although plaintiff's claim attached no records or documents, the contracting officer's decision dated February 18, 1991, recites that on April 4, 1989, plaintiff submitted a "final settlement claim" in the amount of $82,489.23 with seven documents attached, which consisted of invoic-

---

1. Plaintiff's calculation of this amount follows:

| | |
|---|---|
| Contract amount | $170,065.00 |
| Modification SA 1 | (10,000.00) |
| | $160,065.00 |
| | |
| Work completed | $156,065.00 |
| Payments received | (117,000.00 |
| Davis Bacon wages paid | (7,046.56) |
| Amount due | $ 32,018.44 + interest. |

2. The court deems these facts not to be material since plaintiff's percentage of completion theory of damages is rejected. Plaintiff has failed to explain why it cannot document its materials costs. Therefore, the court cannot rely on these facts to provide a fair and reasonable approximation of damages.

es for materials and freight and a quarterly payroll report. The record does not reflect whether and to what extent these documents would support plaintiff's claim for the lesser amount. However, in his final decision, the contracting officer noted: "The Government has been able to verify that $46,484.63 was paid to Seasonall Industries for the windows and all other materials for the contract. Further, we have verified that Service Glass Company was paid $37,475.68." The record does not furnish a basis for inferring either that these costs were all or substantially all of plaintiff's costs for materials or that plaintiff had no other materials costs. In response to defendant's interrogatories concerning plaintiff's total actual costs, plaintiff provided no cost information, nor explained why it was unable to separate and document its costs, other than the statement that payroll records were held by the contracting officer. These interrogatory responses augur ill for plaintiff. Its contract with the VA obligated plaintiff to maintain and make available to the VA its records of costs for a period of three years from final settlement under the contract. ASPR § 1–8.703(k); *see JANA, Inc. v. United States*, 936 F.2d 1265 (Fed.Cir.1991) (contractor liable for overcharges when it failed to maintain labor recap sheets for three years).

■ Plaintiff's theory of recovery based on the percentage of completion must be rejected. The measure of recovery is stipulated in the contract by incorporation of ASPR § 1–8.703(e). In order to recover termination costs, plaintiff must prove that the claimed materials and labor costs exceeded $124,046.56, the amount that the VA has paid. This burden is tantamount to plaintiff's proof of injury. *See Joseph Pickard's Sons Co. v. United States*, 209 Ct.Cl. 643, 650, 532 F.2d 739, 743 (1976). Plaintiff must be able to produce reliable evidence of its actual materials and labor costs, and plaintiff's unexplained failure to produce such evidence cannot be used as a basis for lessening the burden of proof, *S.W. Electronics & Manufacturing Corp. v. United States*, 228 Ct.Cl. 333, 350, 655 F.2d 1078, 1088 (1981), unless a jury verdict approach is appropriate.

■ The jury verdict "approach is employed when damages cannot be ascertained by any reasonable computation from actual figures[;] however, it is not favored and may be used only when other, more exact, methods cannot be applied." *Dawco Constr. Inc. v. United States*, 930 F.2d 872, 880 (Fed.Cir.1991) (citing *Specialty Assembling and Packing Co. v. United States*, 355 F.2d 554, 572, 174 Ct.Cl. 153 (1966)). Before adopting the "jury verdict method," the court must first determine: (1) that clear proof of injury exists; (2) that there is no more reliable method for computing damages; and (3) that the evidence is sufficient for a court to make a fair and reasonable approximation of the damages. *Dawco*, 930 F.2d at 880 (citing *WRB Corp. v. United States*, 183 Ct.Cl. 409, 425 (1968)). In this case plaintiff must explain that its proof of injury, *i.e.*, that its costs as of the date of termination did not exceed the amount paid by the VA, cannot be proved by the contractually established method. To do so plaintiff must " 'demonstrate a *justifiable inability to substantiate* the amount of his resultant injury by direct and specific proof.' " *Dawco*, 930 F.2d at 881 (quoting *Joseph Pickard's Sons*, 209 Ct.Cl. at 649–50, 532 F.2d at 742 (emphasis in original)).

■ In opposition to defendant's motion, plaintiff submitted evidence of a justifiable inability to substantiate its labor costs. Plaintiff's director avers that in 1985 plaintiff delivered to the contracting officer, at the latter's request, copies of records pertaining to employee hours worked and rates of pay. "The records were not returned, and remain in the possession of the Veterans Administration." Affidavit of R.J. Braunschweig, Sept. 13, 1991, ¶ 4. In respect of labor costs, plaintiff has shown that documents exist to which it does not have access that would enable it to prove labor costs. Defendant rejoins that the VA does not have these records; rather, they were sent to the Department of Labor. Defendant's dispute was put forth by argument of counsel in the reply brief and is

insufficient to establish that a dispute of fact is not present. RUSCC Appendix H.1.

Plaintiff has not accounted for the lack of records supporting its costs for materials, nor has plaintiff put forth any factual predicate that would allow the court to make a fair and reasonable approximation of the amount of termination costs that plaintiff sustained for materials. The VA admitted that it could verify approximately $84,000.00 of materials costs. Plaintiff could have sustained other materials costs and been paid for some or all of the actual total. The record only offers grist for speculation. The Federal Circuit in *Dawco* pointed to the dangers of allowing the "jury verdict method" where a claimant has failed to substantiate its claim. "Its primary peril, ... is the risk that unrealistic assumptions will be adopted and extrapolated, greatly multiplying an award beyond reason, and awarding preparers of imprecise claims based on undocumented costs with unjustified windfalls...." 930 F.2d at 882. Plaintiff has forfeited its claim to recover for costs of materials.

Defendant has failed to demonstrate that it is entitled to judgment as a matter of law on the ground that plaintiff has no proof of damages. The VA has records that, plaintiff's director avers, are material to plaintiff's claim for labor costs. These records should be returned to plaintiff; if they cannot be returned, then plaintiff has demonstrated a justifiable inability to document its labor costs. However, without establishing its materials costs, plaintiff cannot show that its total claim does not exceed the amount that the VA already has paid. Conducting trial in the circumstances would be improvident. Plaintiff, nonetheless, will be afforded an opportunity to present a theory of recovery, including a detailed breakdown of amounts claimed, based on labor costs alone.

**3.** Although the VA admitted that plaintiff incurred $83,960.31 of materials costs, plaintiff would be entitled to recover only if it could document that its total materials costs exceeded the amount that the VA had paid for materials costs. Plaintiff's opposition to defendant's mo-

## CONCLUSION

Accordingly, based on the foregoing,

IT IS ORDERED, as follows:

1. Defendant's motion is granted insofar as plaintiff's failure to raise a genuine issue concerning the absence of evidence of costs of materials and plaintiff's failure to explain its inability to produce this evidence preclude plaintiff from recovering termination costs for materials, including profit.[3] Defendant's motion is otherwise denied without prejudice to its renewal.

2. Defendant forthwith shall return to plaintiff all of the certified payroll records in the VA's possession. If these records are not in the VA's possession, defendant shall submit an affidavit by the contracting officer setting forth the VA's position concerning these records.

3. By October 31, 1991, plaintiff shall file a statement setting forth its proof of termination costs for labor, plus profit.

4. Paragraph 5 of the order entered on August 1, 1991, is vacated.

tion failed either to document its materials costs or to indicate what the VA had paid for materials costs. Therefore, the VA's admission does not raise a material fact that would impede the grant of summary judgment.